IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ANDREW MILLER,

      Plaintiff,

v.                                              Case No. 2:15-cv-01581

JIM RUBENSTEIN, Commissioner,
DAVID BALLARD, Warden,
MARGARET CLIFFORD, Lt., and
JOHN DOE, Officer,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the defendants' Motion to Dismiss (ECF No. 8-1) or, in the alternative, Motion for Summary Judgment (ECF No. 8-2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PLAINTIFF'S ALLEGATIONS AND RELEVANT PROCEDURAL HISTORY

The plaintiff's verified Complaint alleges that, on June 4, 2013, the plaintiff was housed in cell 712 on pod 7 of the Quilliams II segregation unit at the Mount Olive Correctional Complex. Although cell searches were being conducted on the segregation units, the plaintiff alleges that the team was not searching near his cell at that time. (ECF No. 2, ¶ 9-11). The plaintiff alleges that Lt. Margaret Clifford walked by, saw him looking out his outside window at the back of his cell, and ordered the plaintiff to sit on his bunk. (Id., ¶¶ 12-13). The plaintiff states that he told Lt. Clifford that he was looking out the

window and that he was not bothering her.  (*Id.*, ¶ 14).  Lt. Clifford again demanded that he sit on his bunk, and the plaintiff persisted in asking why he had to do so.  (*Id.*, ¶¶ 15-17).  Lt. Clifford allegedly stated, "Because I said so."  (*Id.*, ¶ 18).  When the plaintiff again refused to comply, Lt. Clifford ordered an unidentified officer (John Doe) to "Deploy!" and John Doe deployed pepper spray into the plaintiff's cell, allegedly spraying him in the face and head.  (*Id.*, ¶¶ 19-20).  The plaintiff further alleges that his eyes burned, he couldn't breathe, and he threw up.  (*Id.*, ¶ 21).  The plaintiff was removed from his cell and decontaminated.  (*Id.*, ¶ 22).

The plaintiff contends that defendants Clifford and Doe "used un-called for force" by pepper spraying him when he was not violating a prison rule.  (*Id.*, ¶ 32).  The plaintiff further alleges that defendant David Ballard "at that time didn't try at all to stop martial law which allow staff to use force for no reason at all."  (*Id.*, ¶ 33).  The plaintiff further alleges that defendant Jim Rubenstein "failed to train his staff."  (*Id.*, ¶ 34).  However, he provides no additional factual support concerning the conduct of Ballard and Rubenstein.

The plaintiff seeks declaratory relief, both preliminary and permanent injunctive relief, and monetary damages against the defendants, who are sued in both their individual and official capacities.

On August 5, 2015, the defendants filed the instant Motion to Dismiss (ECF No. 8-1) or, in the alternative, Motion for Summary Judgment (ECF No. 8-2) and a Memorandum of Law in support thereof (ECF No. 9).  The plaintiff has not responded to the defendants' motion; nor was he advised, pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right and obligations for responding to a motion for summary judgment, should the court decide to convert the instant motion to one for summary judgment.

2

## STANDARD OF REVIEW

### *Motions to Dismiss for Failure to State a Claim*

The defendants' Motion asserts that the plaintiff's Complaint fails to state a claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in Twombly in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded

> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

The defendants' motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard. Furthermore, as noted recently in *Haley v. Virginia Dep't of Health*, 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012), "[t]he Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6) . . . The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1) [which provides for the dismissal of claims over which the court lacks subject matter jurisdiction]."

### *Summary Judgment*

Alternatively, the defendants have filed a Motion for Summary Judgment (ECF No. 8-2). In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense
> – or the part of each claim or defense – on which summary judgment is
> sought. The court shall grant summary judgment if the movant shows there
> is no genuine dispute as to any material fact and the movant is entitled to
> judgment as a matter of law. The court should state on the record the
> reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a

reasonable fact-finder could return a verdict for the non-movant.  *Id.*  The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  *Overstreet v. Kentucky Cent. Life Ins.* Co., 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may:  (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility.  *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and,

moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claim or defenses, the court may treat a motion to dismiss as one for summary judgment pursuant to Rule 56. *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

## ANALYSIS

### A.   The claims for monetary damages against the defendants in their official capacities must be dismissed.

The defendants assert that, to the extent that the plaintiff has brought claims against them in their official capacities, any claims for monetary damages cannot survive because, neither a state, nor its officials acting in their official capacities, are "persons" under the civil rights statutes. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.

> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983. The judgment of the Michigan Supreme Court is affirmed. [Citations omitted].

6

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment, however, permits a federal court to enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds. *Id.* at 337. Thus, the undersigned proposes that the presiding District Judge **FIND** that all of the defendants are immune from liability for monetary damages in their official capacities under the Eleventh Amendment and, accordingly, such claims must be dismissed.

**B.   The plaintiff's Complaint states a plausible Eighth Amendment claim against Lt. Clifford and John Doe.**

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at

833.   The Supreme Court, however, rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.  Thus, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id*. at 834. (Citations omitted.)  The negligent failure to protect inmates from violence will not suffice.  *Pressly*, 816 F.2d at 979.

In *Hudson v. McMillan*, 503 U.S. 1 (1992), the Supreme Court held that use of excessive physical force against an inmate may constitute cruel and unusual punishment even when the inmate does not suffer serious injury.  The Court held "that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  503 U.S. at 6.  The majority opinion noted that "[t]he objective component of an Eighth Amendment claim is therefore contextual and responsive to 'contemporary standards of decency.'" *Id.* at 8. [Citation omitted.]

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  [Citation omitted.] This is true whether or not significant injury is evident.  Otherwise, the

> Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. * * *
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. [Citation omitted.]   The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." [Citations omitted.]

*Id.*, at 9-10.  Near the conclusion of the *Hudson* opinion, Justice O'Connor wrote: "To deny, as the dissent does, the difference between punching a prisoner in the face and serving him unappetizing food is to ignore the 'concepts of dignity, civilized standards, humanity and decency' that animate the Eighth Amendment."  *Id.*, at 11.

The *Whitley* case involved a riot at the Oregon State Penitentiary where a prison officer was taken hostage.  In an attempt to free the hostage, a plan was put in place for an unarmed prison security manager to enter the cell block where the hostage was being held, followed by prison officers armed with shotguns.  The security manager ordered one of the armed officers to fire a warning shot and to shoot low at any inmates found climbing the stairs in the direction of the security manager.  During this rescue attempt, one of the officers shot an inmate in the left knee.  The inmate filed suit in federal court, and at the conclusion of a jury trial, the District Court directed a verdict for the defendants.  The Court of Appeals subsequently reversed that ruling and remanded the case to the District Court for a new trial.  The Supreme Court granted certiorari, and ultimately found no Eighth Amendment violation.  The *Whitley* Court noted that:

> [I]n making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison staff, in addition to the possible harms to inmates against whom force might be used.

475 U.S. at 320.  The Supreme Court has further emphasized that, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Id.* at 321-22 (quoting *Bell v. Wolfish*, 441 U.S. at 547).  Thus, the Court stated that "[u]nless it appears that the evidence viewed in the light most favorable to the plaintiff will support a reliable inference of wantonness in the infliction of pain, under the standard we have described, the case should not go to the jury."  *Id.* at 322.

The defendants' Motion (ECF No. 8) and Memorandum of Law in support thereof (ECF No. 9) assert that the use of pepper spray against the plaintiff on June 4, 2013 was done in a good faith effort to restore order in the prison unit.  Accordingly, the defendants assert that the plaintiff cannot successfully establish that defendants Clifford and Doe violated his Eighth Amendment rights and, therefore, they are entitled to qualified immunity on the plaintiff's claims against them.  The defendants' Memorandum of Law states:

> The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable and hence unnecessary in the strict sense. [*Whitley*, 475 U.S. at 319].  "Prison officials do not violate the U.S. Const. Amend VIII whenever it appears in retrospect that the infliction of pain during a security measure could theoretically have been avoided."  *Id.* at 319.  The U.S. Supreme Court has found that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992).

(ECF No. 9 at 15).

The defendants' Memorandum of Law identifies and discusses five factors set forth in *Whitley* that must be weighed in determining whether force was applied in a good faith effort to maintain or restore order, or whether it was done so maliciously and sadistically for the very purpose of causing harm.  (*Id.*)  The five factors identified by the Supreme Court to be used in making this determination are:  (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury; (4) the threat reasonably perceived by the responsible official; and (5) any efforts made to temper the severity of a forceful response.  *Whitley*, 475 U.S. at 321; *Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996).  (*Id.*)

The defendants assert that a proper weighing of the *Whitley* factors supports a finding that the deployment of pepper spray into the plaintiff's segregation cell was done in a good faith effort to maintain or restore discipline and order and not maliciously or sadistically for the very purpose of causing harm.  (*Id* at 19.)  Specifically, the defendants rely upon the undisputed facts that there was a mass cell search occurring in and around the plaintiff's pod and that the plaintiff refused Lt. Clifford's repeated orders to sit on his bunk.  Accordingly, defendants Clifford and Doe assert that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law on the plaintiff's Eighth Amendment claims.

However, at this stage of the proceedings, based upon the facts alleged in the Complaint taken in the light most favorable to the plaintiff, the undersigned cannot find as a matter of law that the conduct of defendants Clifford and Doe did not violate the plaintiff's clearly-established Eighth Amendment rights.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the allegations in the Complaint state enough facts to state a plausible claim for relief under the Eighth Amendment and

that, notwithstanding plaintiff's admitted refusal to comply with Lt. Clifford's order to sit on his bunk, there remain genuine issues of material fact concerning the need for the use of force against the plaintiff, whether the deployment of such force was reasonable under the circumstances and, thus, whether these defendants are entitled to qualified immunity. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this matter is presently inappropriate for summary disposition of the claims against defendants Clifford and Doe.

> **C.      The plaintiff's Complaint fails to sufficiently state a claim of deliberate indifference, supervisory liability or negligent training against defendants Rubenstein and Ballard.**

The defendants' Motion and Memorandum of Law address the claims against defendants Rubenstein and Ballard as claims of supervisory liability, citing the Fourth Circuit's decision in *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), in which the Court held that a supervisor may be liable for the actions of his subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved, prior constitutional violations.  Such liability cannot be based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."  13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)).

As noted in the defendants' Memorandum of Law:

> Here, Plaintiff can prove no set of facts sufficient to establish deliberate indifference.   Plaintiff's Complaint only summarily provides that Commissioner Rubenstein failed to train and that Warden Ballard approved of "martial law."  Once again, the Supreme Court requires actual knowledge on the part of supervisors.   Therefore, because Plaintiff cannot meet even the first element of the *Shaw* test, Plaintiff's claim of deliberate indifference against these Defendants should be dismissed.

(ECF No. 9 at 12).

The undersigned proposes that the presiding District Judge **FIND** that the allegations in the Complaint fall woefully short of the factual detail necessary to state a plausible Eighth Amendment, or even a negligence claim, against defendants Rubenstein and Ballard.   The allegations against these two defendants are so threadbare and conclusory that the court cannot draw a reasonable inference that those defendants are liable for any misconduct alleged.  Accordingly, pursuant to the dictates of *Twombly* and *Iqbal, supra*, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against defendants Rubenstein and Ballard.[1]

### D.   The plaintiff's claim for preliminary injunctive relief should be denied.

To the extent that the Complaint requests preliminary injunctive relief, the defendants' Motion to Dismiss asserts that the plaintiff's allegations do not meet the required standard to warrant such relief.  The undersigned agrees.

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a).  The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction.  *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth*

---

[1]  The defendant's Memorandum of Law also appears to address either a claim of supervisory liability or negligent investigation, training, supervision and discipline against Lt. Clifford, claiming that she, too, is entitled to qualified immunity for her discretionary administrative functions.  The undersigned does not read the Complaint to be asserting such a claim.

*About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[2], in light of the

Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.

7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior
> to trial at the discretion of the district court that grants relief *pendente lite*
> of the type available after the trial. *See In re Microsoft Corp. Antitrust
> Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines,
> Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566
> (1945). Because a preliminary injunction affords, on a temporary basis, the
> relief that can be granted permanently after trial, the party seeking the
> preliminary injunction must demonstrate by "a clear showing" that, among
> other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct.
> at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865,
> 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly
> what must be shown to obtain a preliminary injunction, stating that the
> plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that
> he is likely to suffer irreparable harm in the absence of preliminary relief,
> [3] that the balance of equities tips in his favor, and [4] that an injunction
> is in the public interest." *Winter*, 129 S. Ct. at 374. And all four
> requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a
> standard that allowed the plaintiff to demonstrate only a "possibility" of
> irreparable harm because that standard was "inconsistent with our
> characterization of injunctive relief as an extraordinary remedy that may
> only be awarded upon a clear showing that the plaintiff is entitled to such
> relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the

plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than

the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189

(4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question*

for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction.  The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief.  *Id.* at 347.  Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts.  *Id.*

In the instant case, the plaintiff requests, *inter alia*, that the court grant a preliminary injunction "ordering defendants to stop using un-called for force."  (ECF No. 2, ¶ 37).[3]  This request seeks a preliminary order granting the same relief that the plaintiff seeks permanently, if he were successful with his substantive claims.  The plaintiff has only asserted theoretical injury.  A mere possibility of harm will not suffice to support the granting of a preliminary injunction.  *Winter*, 555 U.S. at 21.  Thus, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated a right to a preliminary injunction under the circumstances.

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the defendants' Motion to Dismiss (ECF No. 8-1) be **GRANTED** with regard to all of the plaintiff's claims against defendants Ballard and Rubenstein, with regard to the plaintiff's

---

[3]  The plaintiff's Complaint contains mis-numbered paragraphs beginning at what should be paragraph 30. Herein, the undersigned has referenced the paragraphs according to the corrected numbers.

claims for monetary relief against defendants Clifford and Doe in their official capacities, and with regard to the plaintiff's claims for preliminary injunctive relief contained in the Complaint, but should otherwise be **DENIED**.    It is further respectfully **RECOMMENDED** that the defendants' alternative Motion for Summary Judgment (ECF No. 8-2) be **DENIED** as premature.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff and to transmit a copy to counsel of record.

 February 17, 2016

Dwane L. Tinsley
United States Magistrate Judge